1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND WALKER,

11          Petitioner,                    No. 2:09-cv-1658-JAM-JFM (HC)

12      vs.

13   FRANCISCO JACQUEZ,                    ORDER AND

14          Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2006 conviction on

18   charges of murder and attempted second degree robbery with personal use of a firearm and the

19   sentence of life without possibility of parole plus ten years imposed thereon.  This matter is

20   before the court on respondent's motion to dismiss this action on the grounds that it is barred by

21   the statute of limitations and contains unexhausted claims.[1]  For the reasons set forth below, this

22   _____

23          [1] Petitioner has filed a response to the motion to dismiss in which he requests
     appointment of counsel.  There currently exists no absolute right to appointment of counsel in
24   habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18
     U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of
25   justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the
     court does not find that the interests of justice would be served by the appointment of counsel.
26   Accordingly, petitioner's request for appointment of counsel will be denied.

                                            1

1  action is time-barred.  The court will not, therefore, reach the question of whether petitioner has

2  exhausted state court remedies with respect to the claims raised herein.

3          Section 2244(d)(1) of title 28 of the United States Code provides:

4          A 1-year period of limitation shall apply to an application for a writ
        of habeas corpus by a person in custody pursuant to the judgment

5          of a State court.  The limitation period shall run from the latest of –

6          (A) the date on which the judgment became final by the conclusion
        of direct review or the expiration of the time for seeking such

7          review;

8          (B) the date on which the impediment to filing an application
        created by State action in violation of the Constitution or laws of

9          the United States is removed, if the applicant was prevented from
        filing by such State action;

10

11          (C) the date on which the constitutional right asserted was initially
        recognized by the Supreme Court, if the right has been newly
        recognized by the Supreme Court and made retroactively

12          applicable to cases on collateral review; or

13          (D) the date on which the factual predicate of the claim or claims
        presented could have been discovered through the exercise of due

14          diligence.

15  28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed

16  application for State post-conviction or other collateral review with respect to the pertinent

17  judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. §

18  2244(d)(2).

19          For purposes of the statute of limitations analysis, the relevant chronology of this

20  case is as follows:

21          1.  Petitioner was convicted on October 26, 2005 and sentenced on January 23,

22  2006.

23          2.  On May 24, 2007, the California Court of Appeal for the Third Appellate

24  District affirmed petitioner's conviction.

25          3.  On September 12, 2007, the California Supreme Court dismissed petitioner's

26  petition for review.

1         4. On December 13, 2007, petitioner filed a petition for writ of habeas corpus in

2   the San Joaquin County Superior Court.  That petition was signed by petitioner on November 18,

3   2007.  It was denied by order filed February 13, 2008.

4         5. On June 3, 2009, petitioner's federal petition for writ of habeas corpus was

5   received in the United States District Court for the Northern District of California.

6         The one year statute of limitations began to run against petitioner on or about

7   December 11, 2007, when the time expired for filing a petition for writ of certiorari in the United

8   States Supreme Court.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The

9   limitations period was tolled through February 13, 2008, during the pendency of petitioner's state

10  habeas petition, and it expired on or about February 13, 2009.[2]  Petitioner did not file the instant

11  action until almost four months after the limitation period expired.  It is therefore time-barred and

12  must be dismissed.

13        In accordance with the above, IT IS HEREBY ORDERED that petitioner's

14  August 26, 2009 request for appointment of counsel is denied; and

15        IT IS HEREBY RECOMMENDED that:

16        1. Respondent's August 17, 2009 motion to dismiss be granted; and

17        2. This action be dismissed as barred by the statute of limitations.

18        These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22

23      [2] Petitioner's state habeas corpus petition was signed by petitioner on November 18,
2007 at Pelican Bay State Prison in Crescent City, California and filed in the state superior court
24  on December 13, 2007.  It is deemed filed on the date petitioner delivered it to prison officials for
mailing.  See Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (citing Saffold v. Newland,
25  250 F.3d 1262, 1268 (9th Cir. 2000), rev'd on other grounds, Carey v. Saffold, 536 U.S. 214
(2002).)  This court finds that petitioner delivered the petition to state officials for mailing on or
26  before December 11, 2007, the date on which the federal limitations period commenced to run.

1   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

2   failure to file objections within the specified time may waive the right to appeal the District

3   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   DATED:  October 29, 2009.

5

6   _____
    UNITED STATES MAGISTRATE JUDGE

7

8   12
    walk1658.mtd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26