IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND WALKER,

    Petitioner,               No. 2:09-cv-1658-JAM-JFM (HC)

    vs.

FRANCISCO JACQUEZ,

    Respondent.             <u>ORDER</u>

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 7, 2009, this court dismissed the petition as barred by the statute of limitations. Judgment was entered on the same day. On January 25, 2010, petitioner filed a letter addressed to the Clerk of the Court requesting that the file in this action be sent to the United States Court of Appeals for the Ninth Circuit and represented that he was "filing his case in the Ninth Circuit." No separate notice of appeal has been filed in this court.

        Assuming arguendo that petitioner's January 25, 2010 letter should be construed as a notice of appeal, the court is required to consider whether a certificate of appealability should issue. <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984).

1

Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. <u>See</u> Fed. R. App. P. 4(a). Petitioner's letter, dated January 21, 2010, was filed more than thirty days after entry of judgment.[1] The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978). The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability. Accordingly, this court will not issue a certificate of appealability.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Petitioner's January 25, 2010 is construed as a notice of appeal;

        2. A certificate of appealability is not issued; and

        3. The Clerk of the Court is directed to process petitioner's appeal to the United States Court of Appeals for the Ninth Circuit.

DATED:   May 21, 2010

                                        /s/ John A. Mendez
                                        UNITED STATES DISTRICT JUDGE

---

[1] Both January 21, 2010 and January 25, 2010 are more than thirty days after judgment was entered in this action.